## ARRIETA v. CORUJO.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 84.—Resuelto en abril 15, 1904.

COSTAS.—Fallado un juicio sin especial condenación de costas, los gastos sufra-
gados por ambos colitigantes son de cuenta de aquel en cuyo nombre se (*)
practicaron, sin que sea lícito hacer reponsable de tales gastos a alguna
persona que no haya sido parte en dicho juicio.

DAÑOS Y PERJUICIOS.—El hecho de que A recibiera indebidamente determinada
cantidad de dinero de B, en concepto de tutor de C, y que éste demandara
a B en cobro de esa misma cantidad, no puede servir de base a una reclama-
ción de B contra A para que le indemnice los gastos que le irrogara el
pleito que le interpusiera C, porque para ello es necesario depurar primera-
mente las responsabilidades de A, como tal tutor, y porque no es posible
sostener que los daños que rufriera B fueran consecuencia directa de los
actos ejecutados por A.

### EXPOSICIÓN DEL CASO.

*Vistos* estos autos de juicio declarativo, en cobro de pesos,
promovidos en la Corte de Distrito de Arecibo, entre partes,
de la una Don Miguel Arrieta y Dorregaray, representado
y dirigido en esta superioridad por el Letrado Don Jacinto
Texidor, y de la otra Don José Ignacio Corujo y Arraez,
representado y dirigido por el Letrado Don Félix Santoni;
autos pendientes ante nos en virtud de recurso de apelación
interpuesto por el actor contra la sentencia pronunciada por
la referida corte, en 18 de julio del año próximo pasado.

*Resultando:* que el presente es un pleito promovido por el
recurrente contra el recurrido para cobrar cuatrocientos cua-
renta y nueve pesos con cinco centavos, alegando el apelante
que el apelado fué tutor de la menor de edad Serafina Curbelo,
y que en un pleito entre esa menor y el apelante se incurrió en
gastos que en conjunto montan a la cantidad mencionada.

*Resultando:* que el Señor Jacinto Texidor, en representa-
ción del recurrente, que fué el actor en el tribunal inferior,

alegó en su demanda que su cliente el Señor Arrieta adquirió en el año 1888 de la Sucesión de Don Pablo José Curbelo y González, por medio de compra, una casa de mampostería situada en el pueblo de Camuy, la cual se describe minuciosamente; alega, además, que Doña Serafina Curbelo formaba parte de dicha sucesión, y que Don José Ignacio Corujo fué (*) su tutor, quien en ese concepto recibió del Señor Arrieta la suma de doscientos cuarenta pesos, que con veinte pesos que se dejaban en poder del Señor Arrieta para cubrir gastos, formaban el valor del condominio que en la referida casa tenía Doña Serafina Curbelo; que con fecha veinte y ocho de enero de mil ochocientos ochenta y ocho, Corujo firmó un recibo a favor de Arrieta por la cantidad referida, expresando en ese acto que lo hacía como tutor de Doña Serafina Curbelo y por razón de la venta de la participación de esta señorita en la casa de que se trata.

*Resultando:* que continuando la demanda, alega que el Señor Corujo no entregó nunca a su pupila, o a quien le representara después de cesar la tutela, la cantidad que percibió según el referido recibo, y que subsiguientemente Doña Serafina Curbelo presentó ante el Juzgado Municipal de Camuy una demanda en juicio verbal contra Arrieta, reclamando el condominio que en dicha propiedad creía tener; que él ofreció como prueba el recibo firmado por Corujo, y que en este juicio el Señor Corujo maliciosamente expresó que no podía reconocer como suya la firma de dicho documento, pues no recordaba haberlo firmado ni autorizado, por cuya razón lo calificaba desde luego de falso, y pidió al juzgado se iniciara procedimiento para esclarecer tal hecho; y aparece, además, que la sentencia del juzgado fué dictada contra Arrieta y éste interpuso apelación para ante el tribunal de distrito, cuya corte decidió que el juzgado municipal no era competente para conocer de la causa y por este motivo revocó y anuló dicha sentencia.

*Resultando:* que el abogado del actor alega además que a

consecuencia del juicio celebrado en el juzgado municipal, y de la apelación interpuesta contra la sentencia dictada, su cliente se vió obligado a hacer gastos ascendentes a la referida suma; que la firma que se dijo era de Corujo declararon peritos ser la legítima de dicho señor, y que éste, por su negligencia inexcusable al no entregar a su pupila el dinero que (*) le correspondía, así como al negar su firma al pie del mencionado recibo, causó los gastos que hizo Arrieta con motivo del juicio; y por estas razones Arrieta presenta demanda contra Corujo con súplica de que se le condene al pago de la suma de cuatrocientos cuarenta y nueve dollars y cinco centavos por indemnización de daños y perjuicios con más las costas del juicio.

*Resultando:* que el Tribunal de Distrito de Arecibo consignó además como hechos los siguientes:

"(*a*) Que conferido traslado de la demanda al demandado lo evacuó en su representación el Letrado Don Félix Santoni Rodríguez, quien rechazó en absoluto las legaciones del demandante, y además expuso: que el Sr. Corujo no había realizado acto alguno del cual se hubiese seguido daño o perjuicio al Sr. Arrieta; si el Sr. Arrieta ha pagado todos los gastos y costos a que se contrae su cuenta, dueño es de disponer como guste de sus bienes pagando tan excesivos como indebidos gastos y costos cuando no lo reclame a otra persona; y que Don Miguel Arrieta no solamente reclama daños no ocasionados por su patrocinado, sino que con una temeridad y mala fe sin ejemplo, ha atropellado al anciano Sr. Corujo con un embargo improcedente que pone de relieve toda la malicia con que se procede, por cuyo acto se propone reclamar daños y perjuicios, reservándole las acciones que procedan para en su oportunidad ejercitarlas.

"(*b*) Que como fundamento de derecho citó la sentencia del Tribunal Supremo de Puerto Rico de 30 de diciembre de 1899, las disposiciones del Código Civil referentes a la culpa en los contratos y el modo de hacer efectivas las costas en un juicio, y terminó pidiendo se desestimara la demanda con las costas al demandante.

"(*c*) Que abierto el juicio a prueba, el demandante propuso, confesión judicial del demandado, documental consistente en certificación del juicio verbal seguido ante el Juzgado Municipal de Camuy por Doña Serafina Curbelo de Díaz contra Don Miguel Arrieta; certifi-

cación del secretario del mismo juzgado, relativa a costas de varios exhortos; quince recibos autorizados por distintas personas sobre gastos irrogados al Sr. Arrieta en el expresado juicio verbal del Tribunal Municipal de Camuy; recibo desglosado del referido juicio y firmado por el demandado Corujo, haciendo constar que éste recibió del Sr. Arrieta 240 pesos moneda corriente, durante (*) la minoría de Doña Serafina Curbelo y a nombre de ésta, cuyo recibo declaró falso el Sr. Corujo en el juicio verbal que se falló por el Juzgado Municipal de Camuy; y cotejo de letra de los otros recibos, que fué propuesto con carácter subsidiario y no se llegó a practicar por innecesario.

"(d) Que a su vez el demandado propuso como prueba confesión del Sr. Arrieta, testifical de los Sres. Peruchet y Lamir, y documental consistente en certificación de la parte dispositiva de la sentencia dictada en la apelación del juicio verbal seguido en Camuy, y certificación negativa de no haberse practicado tasación de costas en el tantas veces repetido juicio verbal, así como de que el Letrado Don Elpidio de los Santos no intervino como defensor del Sr. Arrieta en la tramitación de dicho juicio verbal.

"(e) Que practicado el juicio oral prevenido por la Orden General No. 118 de 1899, con asistencia de los letrados representantes de las partes, practicóse la prueba propuesta, y el Sr. Corujo al absolver posiciones manifestó la imposibilidad física en que se encontraba dada su avanzada edad de 93 años, de ver el documento que a petición del letrado del demandante se le puso de manifiesto, y cuyo documento era el recibo en que aparecía haber recibido del Sr. Arrieta 240 pesos moneda corriente, cuando era menor Doña Serafina Curbelo y cuya autenticidad había negado el mismo Corujo en el juicio verbal seguido en Camuy por la Curbelo contra Arrieta, por cuyo motivo el letrado representante del Sr. Arrieta renunció a la prueba de confesión judicial: el Sr. Arrieta absolvió posiciones del representante del demandado, y también declaró el testigo Peruchet después de lo cual los respectivos letrados informaron de acuerdo con sus escritos de demanda y contestación, terminados los cuales el tribunal en audiencia pública votó esta sentencia por unanimidad de los Sres. Jueces, habiéndose observado en la tramitación del pleito las formalidades prevenidas por la ley.''

*Resultando* que contra la sentencia dictada por dicho tribunal de distrito, se interpuso, en debida forma, recurso de apelación para ante esta Suprema Corte y en 10 de febrero

último tuvo lugar la vista de dicho recurso con asistencia de los letrados de ambas partes.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. Santoni.*(*)

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando* que en su sentencia el tribunal de distrito consignó los siguientes fundamentos de ley, a saber:

"(*a*) Que la cuestión planteada por las partes en este litigio se limita a determinar si los gastos sufragados por el demandante Arrieta en el juicio verbal seguido ante el Tribunal Municipal de Camuy en diciembre de 1902, cuyo juicio se falló en apelación sin especial condenación de costas, por Doña Serafina Curbelo de Díaz contra el citado Arrieta, debe pagarlo en definitiva Don Ignacio Corujo que fué en un tiempo tutor de Doña Serafina Curbelo y hoy es demandado ante esta corte de distrito.

"(*b*) Que habiéndose fallado el juicio de la Curbelo con Arrieta sin especial condenación de costas, las gastos sufragados por ambos colitigantes son de cuenta de aquél en cuyo nombre se practicaron sin que sea lícito afirmar que nadie que no sea el propio interesado está en el deber de responder de ellos.

"(*c*) Que si el demandado Corujo no fué parte en el juicio verbal seguido ante el Juzgado Municipal de Camuy, ni se dirigió contra él acción alguna, es improcedente sostener que pueda por ningún concepto responder de gastos que hubieran podido irrogarse a ninguno de los colitigantes con motivo del ejercicio de sus respectivas acciones.

"(*d*) Que el hecho de que Don José Ignacio Corujo hubiera recibido indebidamente de Don Miguel Arrieta determinada cantidad en el concepto de tutor de Doña Serafina Curbelo, cuyo hecho ha dado lugar a que ésta se haya visto obligada a demandar al citado Don Miguel Arrieta ante el Juez Municipal de Camuy, no arguye el que el citado Corujo tenga que pagar los gastos originados a Arrieta con la demanda que le instó la Curbelo, ni en concepto de costas, ni en el de indemnización de daños y perjuicios; lo primero porque Corujo no fué parte en el juicio y porque éste se falló sin especial condenación de costas; y lo segundo, porque la obligación de indemnizar daños y perjuicios es siempre subsidiaria y no se ha seguido ningún procedimiento judicial ante los tribunales de justicia para

esclarecer la responsabilidad de Corujo como tutor, máxime cuando éste tiene negada la autenticidad del documento en que aparece haber recibido dinero de Arrieta a nombre de Doña Serafina Curbelo. (*)

*Considerando* que además de las razones dadas por el Tribunal de Distrito de Arecibo, para este fallo, las que se aprueban, aparece claro que el primer fundamento en que se basa el pleito, o sea, que el Sr. Corujo no pagó el dinero a su pupila, no puede considerarse como base de una reclamación por daños, pues no hay nada que demuestre que ésta fué la causa directa de los mismos, o en otros términos, los daños eran demasiado remotos, para fundarse en tal causa, y el actor, la Curbelo, bien podría haber presentado demanda para la propiedad, aun en el caso de que el dinero se le hubiese pagado, y es posible que a sabiendas de que el dinero había sido pagado, y a pesar de tal conocimiento, presentó la demanda.

*Considerando* que el segundo fundamento en que está basada la demanda, o sea, que el Sr. Corujo negó la firma al pie del recibo, ha sido explicado ampliamente por él, al manifestar que en vista de su avanzada edad no podía leer el recibo, y que debido al mucho tiempo, desde la fecha en que se expidió, no podía recordar las circunstancias; cuyas excusas ambas son muy razonables, máxime tratándose de un hombre que contaba noventa y tres años.

*Considerando* que aprobamos enteramente los preceptos de ley enunciados por la corte de distrito como reguladores de esta causa, y somos de la opinión que dicha corte no incurrió en error al dictar la sentencia pronunciada en 18 de julio último.

*Fallamos* que debemos confirmar, y confirmamos, la sentencia contra la cual se ha interpuesto el presente recurso de apelación, con las costas al recurrente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso. (*)